UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06143-SVW-PD | Date | 9/21/2020 |
|---|---|---|---|
| Title | *Kierra Chatrice Adams v. FCA US, LLC et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]

### I.     Introduction

Plaintiff Kierra Chatrice Adams filed this lawsuit in Los Angeles Superior Court on May 27, 2020. Dkt. 1, Ex. A. Adams alleged that her 2014 Jeep Cherokee had myriad defects covered by warranty. *Id.* ¶¶ 9-11. Adams brought claims against the car's manufacturer, FCA US, LLC ("FCA"), under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and for fraudulent inducement/concealment. *Id.* ¶¶ 124-83. Adams also brought a negligent repair claim against her dealership, Hunter Dodge Chrysler Jeep ("Hunter"). *Id.* ¶¶ 179-83. FCA removed the case on July 9, 2020, Dkt. 1, and Plaintiff filed this motion to remand on August 11, 2020, Dkt. 12.

### II.    Legal Standard

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06143-SVW-PD | Date | 9/21/2020 |
|---|---|---|---|
| Title | *Kierra Chatrice Adams v. FCA US, LLC et al.* | | |

(citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

If a plaintiff contests the amount in controversy alleged in the notice of removal, the defendant must put forth evidence establishing the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014). When unclear from the face of the complaint, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citations and quotation marks omitted).

### III.  Analysis

#### a.  Federal Question Jurisdiction – Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act only creates federal question jurisdiction when the amount in controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Plaintiff's complaint asserts that she "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." Dkt. 1, Ex. A ¶ 12. Defendant argues i) that this amount should be increased twofold because Plaintiff also seeks a civil penalty of twice actual damages and ii) that this amount should be increased by $35,000 because Plaintiff also seeks to recover attorney's fees and costs. Dkt. 1 ¶¶ 22-23.

The Court declines to indulge Defendant's interpretation of the complaint as implicating an amount greater than the number it expressly articulates. Numerous courts addressing precisely this argument have concluded that it is too speculative to infer that a greater amount in damages is sought than what is alleged in the complaint where ambiguity exists as to how the figure in the complaint was reached. *See Limon-Gonzalez v. Kia Motors Am., Inc.*, 2020 WL 3790838, at *2 (C.D. Cal. 2020) (collecting cases). At the very least, the complaint is ambiguous as to whether $25,001.00 represents damages before or after the maximum civil penalty is applied, and a tie here goes to the party resisting removal. *See Steeg v. Ford Motor Co.*, 2020 WL 2121508, at *3 (N.D. Cal. 2020) (citing *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)) ("[T]he Court must resolve this ambiguous allegation in favor of remand.").

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-06143-SVW-PD | Date | 9/21/2020 |
| Title | *Kierra Chatrice Adams v. FCA US, LLC et al.* | | |

Likewise, the Court rejects Defendant's argument that the damages amount asserted in the complaint should be increased by $35,000 because Plaintiff is seeking attorney's fees and costs. Plaintiff challenged Defendant's asserted amount in controversy, triggering Defendant's evidentiary burden. *See Dart Cherokee*, 574 U.S. at 88. Defendant's opposition rests on a statement in a declaration from Defendant's counsel that $35,000 is a typical recovery. Declaration of Jon D. Universal, Dkt. 1-2, ¶ 6. That assertion is insufficient to meet Defendant's burden because it provides no basis to conclude that this case resembles others in which $35,000 was recovered or that the case will require $35,000 in attorney work or costs. Therefore, Defendant fails to meet its burden to establish that the amount in controversy involves $35,000 in attorney's fees and costs. *See Limon-Gonzalez*, 2020 WL 3790838, at *3.

Because Defendant fails to meet its burden to show that the amount in controversy exceeds $50,000, the Court lacks federal question jurisdiction under the Magnuson-Moss Warranty Act. 15 U.S.C. § 2310(d)(3)(B).

**b. Diversity Jurisdiction – Fraudulent Joinder of Hunter**

Because the Court concludes that the amount in controversy is under $50,000, the Court also concludes that the amount in controversy requirement for diversity jurisdiction of $75,000 is not satisfied. *See* 28 U.S.C. § 1332(a).

Even if the amount in controversy for diversity jurisdiction were satisfied, the parties are not completely diverse. The parties do not dispute that Plaintiff is a citizen of California and Hunter, the dealership, is also a citizen of California. Dkt. 12, at 10-19; Dkt. 15, at 3. Instead, Defendant argues that Hunter was fraudulently joined to defeat diversity jurisdiction because Plaintiff's negligent repair claim against Hunter is barred by the Economic Loss Rule. Dkt. 1, at 9-10.

A defendant's citizenship should be disregarded for purposes of diversity jurisdiction when the defendant "cannot be liable on any theory." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). "If there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06143-SVW-PD | Date | 9/21/2020 |
|---|---|---|---|
| Title | *Kierra Chatrice Adams v. FCA US, LLC et al.* | | |

the joinder was proper and remand the case to the state court." *Id.* (citation omitted). The defendant bears a "heavy burden" to overcome the "general presumption against [finding] fraudulent joinder." *Id.* (quoting *Gaus*, 980 F.2d at 566).

Defendant has not met its burden to establish fraudulent joinder. District courts in California have been "virtually unanimous" in rejecting the argument that a dealer is fraudulently joined because the economic loss rule bars a negligent repair claim. *See Escalante v. Ford Motor Co.*, 2020 WL 95564, at *1 n.1 (N.D. Cal. 2020). Plaintiff argues that she is entitled to the "component exception" to the Economic Loss Rule articulated in *Jimenez v. Superior Court*, 29 Cal. 4th 473 (2002). That exception allows "for recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *Id.* at 483. While the viability of Plaintiff's negligent repair is "uncertain," answering that question would "require 'a searching inquiry into the merits of the plaintiff's case' – an inquiry beyond the scope of fraudulent joinder analysis." *Escalante*, 2020 WL 95564, at *1 (quoting *Grancare*, 889 F.3d at 549); *see also Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019). Therefore, the Court follows the consensus among district courts that a dealer sued for negligent repair under these circumstances is not fraudulently joined. *See Escalante*, 2020 WL 95564, at *1 n.1 (collecting cases); *Sabicer*, 362 F. Supp. 3d at 841-42 (collecting cases).

**IV.   Conclusion**

For the reasons articulated above, the Court GRANTS Plaintiff's motion to remand.

IT IS SO ORDERED.

                                                                   :

Initials of Preparer    PMC